INGOLS v. DISTRICT OF COLUMBIA.

No. 1471.

Municipal Court of Appeals for the
District of Columbia.

Argued March 1, 1954.

Decided March 26, 1954.

William E. Owen, Washington, D. C.,
with whom Ralph Stein, Washington, D. C.,
was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel,
Washington, D. C., with whom Vernon E.
West, Corp. Counsel, Chester H. Gray,
Principal Asst. Corp. Counsel, and Harry
L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was charged by two informations with selling sodium seconal, not then
and there being a licensed pharmacist or
employed by a licensed pharmacist or employed in a store licensed to sell 'certain
drugs, medicines, etc.[1]  One information

1. "Tt shall be unlawful for any person not licensed as a pharmacist within the meaning of this chapter to conduct or manage any pharmacy, drug or chemical store, apothecary shop, or other place of business for the retailing, compounding, or dispensing of any drugs, chemicals, or poisons, or for the compounding of physicians' prescriptions, or to keep exposed for sale, at retail, any drugs, chemicals, or poisons, except as hereinafter provided; or, except as hereinafter provided, for any person not licensed as a pharmacist within the meaning of this chapter to compound, dispense, or sell, at retail, any drug, chemical, poison, or pharmaceutical preparation upon the prescription of a physician, or otherwise, or to compound physicians' prescriptions, except as an aid to and under the proper supervision of a pharmacist licensed under this chapter." Code 1951, § 2-601.

charged a sale on March 26, 1953, at Ninth Street and New York Avenue. The other charged a sale on March 27, 1953, in the 900 block of Eighth Street. Appellant pleaded guilty to both charges and was sentenced on each charge to serve six months imprisonment and pay a fine of $200, such sentences to run consecutively.[2] After serving six months and paying a $200 fine, appellant moved the trial court to vacate the second sentence on the ground that it was illegal. His motion was denied and he has appealed.

▆▆ Appellant asserts that his motion was filed pursuant to 28 U.S.C. § 2255 (Supp.1952). The Government argues that such statute has no application to the Municipal Court and that the court was without jurisdiction to grant the relief sought. This phase of the case is settled by our recent opinion in Burke v. United States, D.C.Mun.App., 103 A.2d 347, wherein we held that 28 U.S.C. § 2255 (Supp.1952) has no application to the Juvenile Court. For the reasons therein stated we likewise hold that such statute does not apply to the Municipal Court, but we also hold, as we said with reference to the Juvenile Court, that the Municipal Court has inherent power to entertain a motion to vacate a sentence partially or totally void even after expiration of the term at which it was entered.

On the merits of the appeal, appellant's argument is that he was charged with practicing pharmacy without a license, that such an offense is of a continuing nature, and that the two sales on consecutive days constituted but one offense because of the language of Code, § 2-617 that "if the offense be continuing in its character, each week or part of a week during which it continues shall constitute a separate and distinct offense."

▆▆ Appellant's argument is unsound for the reason that he was not charged with the practicing of pharmacy. He was charged with the sale of certain drugs which could not legally be sold except by a licensed pharmacist. It is true that the statute is directed largely at regulation of the practice of pharmacy, but every violation of the statute is not necessarily the offense of practicing pharmacy without a license. The practice of pharmacy may be continuing in character and if appellant had been charged with conducting or managing a pharmacy or keeping exposed for sale certain drugs, there might be some merit to his present argument.[3] However, as we have said, he was not so charged but was charged with making two prohibited sales. These sales were made on different days and at different places. Each constituted a separate and distinct offense. Perhaps it would have been better policy to have charged appellant under Code, § 2-615, which forbids any person to sell or offer for sale any drug, medicine, etc., by peddling or from house to house or in the street. However, we think the section under which he was charged was broad enough to cover the offense.

Affirmed.

---

2. "Any person violating any of the provisions of this chapter shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine not exceeding two hundred dollars or by imprisonment not exceeding six months, or by both such fine and imprisonment, in the discretion of the court, and if the offense be continuing in its character, each week or part of a week during which it continues shall constitute a separate and distinct offense." Code 1951, § 2–617.

3. See State v. Cotner, 87 Kan. 864, 127 P. 1, 42 L.R.A.,N.S., 768, and cases there cited.