Richard J. DILLANE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19023.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 19, 1965.

Decided June 17, 1965.

Mr. Thomas J. Schwab, Washington, D. C., with whom Mr. David B. Isbell, Washington, D. C., was on the brief, for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty. with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, WRIGHT and MC-GOWAN, Circuit Judges.

PER CURIAM:

Although the procedural situation is somewhat confused because of the multiple and alternative nature of appellant's motions in the District Court, what we consider to be before us is essentially an appeal from that court's action in denying leave to appeal *in forma pauperis* because the petition was filed after the time had expired in which a notice of appeal from a criminal conviction may be filed. Rule 37(a) (2), Fed. R.Crim.P. There being no issue of fact as to the failure to file an appeal within the prescribed time, the District Court's action was correct under United States

v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and we affirm it. This affirmance is, however, without prejudice to appellant's filing in due course a new motion under 28 U.S.C. § 2255 seeking the vacation and re-entry of his sentence.

█ The reconciliation of *Robinson* with the seeming equities of the convicted defendant whose failure to appeal in the 10-day period is not his fault has elicited varying responses. Desmond v. United States, 333 F.2d 378 (1st Cir. 1964); Boruff v. United States, 310 F.2d 918 (5th Cir. 1962); Calland v. United States, 323 F.2d 405 (7th Cir. 1963); Dodd v. United States, 321 F.2d 240 (9th Cir. 1963). Cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Within our own circuit there has been a comparable disparity of approach. Compare Paulding v. United States, 118 U.S.App.D.C. 264, 335 F.2d 686 (1964), with Carrell v. United States, 118 U.S.App.D.C. 264, 335 F.2d 686 (1964). In the record before us there appear to be allegations that appellant's counsel, retained for his defense at the trial,[1] never apprised him of his right to file a notice of appeal, or of the time within which that right must be exercised. If true, and if unexplained, this impresses us as such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255. A motion under that statute containing such allegations, and otherwise entertainable by the court, would entitle appellant to a hearing. If the court should find the facts to be as alleged, it should,

by the expedient of vacating and resentencing,[2] restore appellant to the status of one on whom sentence has just been imposed and who has 10 days in which to institute a direct appeal. Whether there are in fact grounds for such an appeal seems to us a subject to which appellant is entitled to address himself once he has been restored to the aforementioned status.

Affirmed.

---

1. Rule 37(a) (2) presently requires the court to inform a defendant not represented by counsel at the time of sentencing of his right to appeal; and the clerk, if then requested to do so by the defendant, must prepare and file a notice of appeal on his behalf. In the Second Preliminary Draft of Proposed Amendments to the Rules of Criminal Procedure for the United States District Courts (March 1964), prepared by the Advisory Committee on Criminal Rules of the Judicial Conference of the United States, this provision is enlarged and relocated as Rule 32(a) (2). As enlarged, it requires the court to advise all defendants, whether or not represented by counsel, of their appeal rights at the time of sentencing. Many District Judges follow the latter practice at the present time. The problem presented by the case before us is, thus, in the process of becoming academic.

2. In resentencing, the District Court would, of course, consider the time appellant has already served.