**Richard J. DILLANE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20571.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 10, 1967.

Decided Sept. 1, 1967.

———◆———

Mr. Thomas J. Schwab, Washington, D. C. (appointed by this court), for appellant.

Mr. Albert W. Overby, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and William M. Cohen, Asst. U. S. Attys., were on the brief, for appellee.

Before Prettyman, Senior Circuit Judge, and Wright and Robinson, Circuit Judges.

PER CURIAM:

This is the latest chapter in appellant's quest for ultimate review of a 1964 conviction of housebreaking and assault with intent to commit rape. When the case was here previously,[1] we upheld the District Court's denial of leave to appeal in *forma pauperis* because the petition therefor was not presented within the ten-day period fixed mandatorily for the filing of a notice of appeal.[2] However, with an emerging claim that appellant's trial counsel[3] had neglected to inform him either of his right to appeal or as to when that right had to be asserted, our affirmance was without prejudice to a motion pursuant to 28 U.S.C. § 2255 seeking vacation and reentry of sentence to provide anew the opportunity for timely steps in that direction.[4]

Appellant thereafter exhibited such a motion, repeating his earlier allegations and charging ineffective assistance of counsel, and a hearing thereon was conducted. The District Judge denied the motion, finding that appellant was "ably and conscientiously" defended through-out the proceedings and, more specifically, that he was duly advised of his right to appeal but consciously decided to resort exclusively to a motion for reduction of his sentence.

■ In considering appellant's challenge to this disposition we must honor these findings unless they are clearly erroneous,[5] and we cannot say that they are. One of appellant's trial advocates testified that, to the best of his recollection, he apprised appellant, after as well as before conviction, of his right to appeal and of the ten-day period for noticing it. He stated that appellant decided to forego appellate examination of the trial proceedings and to seek a paring of his sentence instead. Appellant, while denying that at any time after the trial began was the subject mentioned, admitted that there was pretrial discussion of a possible appeal. And two letters appellant wrote to his counsel—both after conviction, and one within hours after sentencing—lend support to the finding that a motion for reduction of sentence was to be the only post-sentence effort.

---

1. Dillane v. United States, 121 U.S.App. D.C. 354, 350 F.2d 732 (1965).

2. F.R.Crim.P. 37(a)(2). See also United States v. Robinson, 361 U.S. 220, 80 S. Ct. 282, 4 L.Ed.2d 259 (1960); Kirksey v. United States, 94 U.S.App.D.C. 393, 219 F.2d 499 (1954), cert. denied 358 U. S. 848, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

3. Appellant was represented at his trial by two attorneys, both retained, other than counsel appointed for this appeal.

4. We said: "In the record before us there appear to be allegations that appellant's counsel, retained for his defense at the trial, never apprised him of his right to file a notice of appeal, or of the time within which that right must be exercised. If true, and if unexplained, this impresses us as such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255. A motion under that statute containing such allegations, and otherwise entertainable by the court, would entitle appellant to a hearing. If the court should find the facts to be as alleged, it should, by the expedient of vacating and resentencing, restore appellant to the status of one on whom sentence has just been imposed and who has 10 days in which to institute a direct appeal. Whether there are in fact grounds for such an appeal seems to us a subject to which appellant is entitled to address himself once he has been restored to the aforementioned status." 121 U.S.App.D.C. at 355, 350 F. 2d at 733.

5. This appeal is governed by F.R.Civ.P. 52(a) providing that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Jackson v. United States, 122 U.S.App. D.C. 324, 327 n. 4, 353 F.2d 862, 865 n. 4 (1965), and cases cited therein. See also United States v. Hayman, 342 U.S. 205, 209 n. 4, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The same standard would obtain for review of the issue presented here even if the proceedings were to be considered criminal in character. Campbell v. United States, 373 U.S. 487, 493–495, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1965); Jackson v. United States, *supra*, 122 U.S.App.D.C. at 326–327, 353 F.2d at 864–865.

■ True it is that the evidence was not fully harmonious, and that it contributed something to appellant's side of the case. In particular, a letter from counsel to appellant, dated eight days after imposition of sentence, suggests that an appeal was not completely out of the picture, an inference other evidence did not necessarily eradicate. But it was the trial judge's responsibility to assess the conflicts, and it is now ours to abide his evaluation if not plainly wrong, however we might be inclined were we at liberty to make a *de novo* determination.[6] Adverting to what we have characterized as the "classic formulation of the test"[7] by which our action is to now be guided, we are not, as to the findings mentioned, "on the entire evidence * * * left with the definite and firm conviction that a mistake has been committed."[8]

■ There remains appellant's contention, rebutted by his counsel, that appellant was never told about the ten-day limitation on appealing—an issue, as we read the record, the judge was unable to resolve.[9] This question, however, is rendered academic by the finding that appellant concluded that his interests would be served better by undertaking to ameliorate the sentence without endeavoring to win reversal of the conviction. With this finding unimpeachable, any omission to inform him of the period for noting the unwanted appeal is inconsequential.

Affirmed.

6. "It is not enough that we might give the facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the District Court apparently deemed innocent. * * * We are not given those choices, because our mandate is not to set aside findings of fact 'unless clearly erroneous.'" United States v. National Ass'n of Real Estate Bds., 339 U.S. 485, 495–496, 70 S.Ct. 711, 717, 94 L.Ed. 1007 (1950). Compare Jackson v. United States, *supra* note 5, 122 U.S.App.D.C. at 327, 353 F.2d at 865.

7. *Id.* at 327 n. 5, 353 F.2d at 865 n. 5.

8. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

9. The trial judge made a finding that appellant "was informed of his right to appeal from his conviction * * * within the period of ten days from the entry of the final judgment of conviction." This could mean either that within the ten-day period appellant was informed only of his right to appeal, or that he was told that this was the period during which the appeal must be taken. We take it that the latter was not intended because the judge, at the conclusion of the hearing and prior to filing formal findings, stated that he was unable to determine whether appellant was enlightened as to the ten-day period for initiating the appeal.