George A. HINES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4328, 4329.

District of Columbia Court of Appeals.

Argued Oct. 23, 1967.

Decided Feb. 7, 1968.

ernment's motion to dismiss the appeals because the failure to file timely notice deprives this court of jurisdiction over a direct appeal. Burke v. Loughrin, D.C. Mun.App., 91 A.2d 564 (1952); Beach v. District of Columbia, D.C.Mun.App., 44 A.2d 926, 927 (1945).[4] Appellant then filed a motion with the trial court "to vacate the sentence and/or motion in the nature of writ of error *coram nobis.*" From the denial of that motion, the present appeals are taken.

Appellant's motion asked the trial court to exercise its inherent power to vacate a sentence, Ingols v. District of Columbia, D.C.Mun.App., 103 A.2d 879 (1954), and to then resentence appellant, thereby restoring him to the status of one upon whom sentence has just been passed and who, under Rule 27(b) of the rules of this court, is allowed ten days in which to note his appeals. This is the correct procedure for the initiation of a collateral attack upon a judgment or sentence, and we therefore reach the question as to whether appellant has made a showing sufficient to sustain a collateral attack upon the judgments in the case at bar.

Appellant relies primarily upon his claim that ineffective assistance of counsel deprived him of the right to a hearing on the merits of his appeals. This claim is based on a showing that he relied on his attorney to file notices of appeal, and his attorney, carelessly miscounting the ten-day filing period, noted the appeals one day late. Appellee does not dispute the reasons given for late filing, but argues that appellant has shown only his counsel's neglect, and that neglect alone is not enough to establish ineffective assistance of counsel in a collateral attack upon a judgment or sentence.

David C. Niblack, Washington, D. C., for appellant.

James E. Kelley, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge and CAYTON, Chief Judge, Retired.

MYERS, Associate Judge.

Appellant was convicted of threatening to do bodily harm[1] and of assault.[2] Notices of appeal from the judgments upon those convictions were not filed until after the ten-day period for the filing of such notice had expired.[3] We granted the Gov-

---

1. D.C.Code § 22–507 (1967).

2. D.C.Code § 22–504 (1967).

3. Rule 27(b) of the Rules of this court.

4. This court's rule that the time limitation for the notation of an appeal is jurisdictional is identical with the rule in the Federal courts. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

■ A rigid jurisdictional time limit on the notation of direct appeals lends finality and certainty to judgments of the trial court. But the rigidity of the time limitation can work inequities upon a convicted defendant whose failure to appeal within the prescribed time is not his fault. A defendant, who has instructed his retained attorney to initiate an appeal, reasonably relies upon that attorney to file the necessary notice. Failure to appeal within the prescribed time cannot be a strategic move on the part of the attorney. Nor can it be considered a matter for the attorney's judgment, the soundness of which a client must necessarily risk. Filing notice of appeal is a purely ministerial task, and the failure to file timely notice "impresses us as such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable" in a collateral attack upon the judgment. Dillane v. United States, 121 U.S.App.D.C. 354, 355, 350 F.2d 732, 733 (1965).

Appellee cites a series of cases in other jurisdictions which hold that a mere showing of neglect of counsel is not enough to establish ineffective assistance of counsel unless there is also a showing of fraud or deceit on the part of counsel or a showing of plain error at trial. Fennell v. United States, 339 F.2d 920 (10th Cir.1965). See also Dodd v. United States, 321 F.2d 240 (9th Cir.1963); Calland v. United States, 323 F.2d 405 (7th Cir.1963). We think that Dillane v. United States, supra, rejects this rule in our jurisdiction by holding that a failure to inform a client of his right of appeal "if unexplained" can amount to in-effective assistance of counsel. A client ought not to be penalized for his attorney's dereliction of duty, and we find no reason for distinguishing dereliction caused by an attorney's bad faith from that caused by neglect.[5]

Appellant has established that he was deprived of his Sixth Amendment right to effective representation, and since this is enough to sustain a collateral attack upon a judgment or sentence, we do not here consider appellant's other allegations on these appeals. The trial court erred in refusing to vacate appellant's sentences.

Remanded with instructions to vacate appellant's sentences and to resentence.[6]

HOOD, Chief Judge (dissenting):

Appellant was here before, appealing from the same convictions, and after his brief on the merits had been filed, the Government moved to dismiss because the appeals had not been timely noted. This court, with one judge dissenting, granted the motion to dismiss. From the action of this court, appellant petitioned the United States Court of Appeals for the District of Columbia Circuit for the allowance of an appeal. That court, with one judge dissenting, denied the petition. Appellant's able counsel then moved the trial court to vacate the sentences. When that motion was denied, these appeals were taken. The majority opinion now holds that the sentences should be vacated and appellant resentenced, presumably in order that he may then file timely notices of appeal. I cannot agree.

---

5. In the instant case, appellant was informed of his right to appeal and instructed his attorney to institute proceedings for that purpose, although he was not informed as to the time limitation for the exercise of that right. In both Dillane and the present case, defense attorneys were negligent and their derelictions had precisely the same result—the loss of their clients' rights of appeal.

6. As the Government does not contest the reasons given by defense counsel for the late filing of the notices of appeal, there are no facts at issue requiring an evidentiary hearing to determine whether the allegations, which we have held to be legally sufficient to establish ineffective assistance of counsel, are true. Where the facts are contested, as in Dillane, an evidentiary hearing should be held before the sentencing judge to ascertain the truth of such allegations in a motion to vacate.

The whole question of the neglect of appellant's counsel to file timely notices of appeal was presented to this court in opposition to the motion to dismiss the former appeals and was fully considered. If the majority opinion is correct, we should not have dismissed the first appeals, but we did dismiss them and I believe we should not now permit that to be done indirectly which we refused to permit to be done directly. Under today's ruling three appeals are necessary to accomplish what should have required only one appeal.