Horace Edward **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19215.

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1968.

Harvey L. Zuckman, St. Louis, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee, Veryl L. Riddle, U. S. Atty., St. Louis, Mo., was on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an in forma pauperis appeal from the final order of the United States District Court for the Eastern District of Missouri filed October 20, 1967, denying Horace Edward Williams' motion challenging the validity of his sentence pursuant to 28 U.S.C.A. § 2255 on the ground of deprivation of effective assistance of counsel following conviction and sentencing leading to the loss of his right to appeal. The District Court also certified that the appeal from its order would be without merit and denied Williams' leave to appeal in forma pauperis. On Williams' motion, leave to appeal in forma pauperis was granted and the clerk of this court was ordered to docket the appeal. This court further ordered that this cause be remanded to the District Court "for a plenary hearing on the issue of whether Williams knowingly and willingly waived his right to appeal." The trial court held the required plenary hearing and provided this court with a transcript of the hearing but made no findings of fact.

Williams was tried by a jury on a two-count indictment, the first count charging an unlawful purchase of heroin in violation of 26 U.S.C.A. § 4704(a), and the second count charging an unlawful sale of heroin in violation of 26 U.S. C.A. § 4705(a). He was found guilty on both counts on May 1, 1964, and was sentenced to ten years imprisonment on each count to be served concurrently, but to be consecutive to a five-year sentence imposed by a state court on a state charge. Defendant's motion for judgment n. o. v. and alternatively for a new trial was overruled on May 26, 1964. The next record entry is an order dated and filed September 16, 1964, denying Williams' motion for leave to file notice of appeal. Such denial was upon the basis that the notice of appeal was untimely.

On October 7, 1964, motion to vacate the order of September 16, 1964, was filed. Attached thereto but bearing no file mark is a request of Williams for leave to appeal from his conviction which bears date July 13, 1964. This motion was overruled on November 24, 1964. Except for the letter Williams claimed to have written the trial judge, which is hereinafter discussed, no contention is made that any notice of appeal from the conviction was filed within the time required by Rule 37(a), Fed.R. Crim.P.

Upon the record before us as above outlined, this court by order filed April 1, 1965, denied Williams' application for leave to prosecute an out-of-time appeal for want of jurisdiction. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, and Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012, were cited in support of the order.

Williams' § 2255 motion before the court in this proceeding was filed in the trial court on August 14, 1967. Attached to it is a memorandum asserting the contention that Williams was denied his constitutional right to effective assistance of counsel during the critical stage following sentencing during which his right to appeal was open. The trial court by order filed October 20, 1967, found the basis asserted for relief was substantially the same as had been previously urged and rejected. The motion was denied without a hearing, the ruling being based largely upon this court's previous determination that no jurisdiction existed to consider the appeal.

As a basis for a reversal Williams, represented here by court-appointed counsel, urges:

1. Williams' letter to the presiding judge purportedly written and mailed on May 7, 1964, is sufficient to constitute a notice of appeal from his conviction.

2. If no timely appeal was filed, Williams' deprivation of effective assistance of counsel resulting in the failure to preserve his right to a direct appeal should be remedied under the provisions of § 2255.

3. Williams did not knowingly and willingly waive his right to appeal or to the effective assistance of counsel following his sentence.

Williams at the plenary hearing held by the trial court at the direction of this court on April 19, 1968, for the first time presented what he asserted to be a copy of a letter written by him from the jail to the presiding judge, which he testified he had delivered to an attendant at the city jail for mailing on May 7, 1964, the date the copy of the letter bears.

The Government concedes that a timely letter to the judge or clerk stating defendant's desire to appeal may serve as a notice of appeal. See Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L. Ed.2d 21; Howard v. United States, 8 Cir., 396 F.2d 867; United States v. Duncan, 7 Cir., 310 F.2d 367. It is also conceded that the purported letter is sufficient in form to constitute a notice of appeal.

The Government takes the position that the original of the letter, of which a copy was produced, was not in fact either written or mailed at any time prior to the expiration of the time for appeal from the conviction. In support thereof, it is urged that if such a letter had been written Williams would have produced it at one of the numerous earlier hearings. The Government further urges that the purported letter is too well written and reflects knowledge of matters Williams did not possess at the time of the claimed mailing. Moreover, the contention that an appeal was perfected by means of the letter is not urged in the present motion and consequently such issue was not before the court when it denied the motion.

The trial court construed our order for remand for a plenary hearing on the issue of waiver of right of appeal as requiring it to receive and certify evidence produced and not as directing it to make findings of fact. The issue of whether the purported letter was in fact written and mailed as testified by Williams presents a fact issue, the resolution of which turns upon Williams' credibility. In the transcript of the plenary hearing appears a statement by the trial judge that he had no recollection of receiving the purported letter and that it was his usual practice to reply to such letters and place the letter and a copy of his reply in the court file and that no such letter was found in the court file. Credibility determinations should be made by the fact finder, here the trial court. The letter notice issue was not properly raised in the trial court and the fact issue was not resolved by the trial court, and such issue cannot be raised for the first time upon appeal.

The second and third issues raised by Williams are closely related and will be considered together. It is established that Williams did not have funds to employ counsel to represent him in his trial leading to his conviction. It is not disputed that Williams was entitled to proceed in forma pauperis in all proceedings here pertinent. The trial court appointed attorney Raymond Howard to represent Williams at his trial.

On the waiver of notice to appeal issue, at the plenary hearing directed by this court Williams testified that he last saw his court-appointed counsel Howard on May 2, 1964. Included in Williams' testimony is the following:

"Q That is the day after the sentencing. Did you have any conversation with him at that time in connection with appealing this conviction?

A Yes, I brought it to his attention about the appeal. He said that he couldn't do anything until after Judge Harper had ruled on the trial court motion.

Q I understand. Did you at that time specifically ask him to take an appeal?

A Yes, I asked him.

Q When did you next see Mr. Howard after the May 2nd meeting?

A I didn't see him any more."

Howard's testimony on this subject matter includes:

"Q Thank you. It is clear, is it not, Mr. Howard, that Mr. Williams did wish an appeal to be taken in this matter? That is, that was clear to you, was it not?

A That was clear to me and it was also my advice to him that he should appeal the case because I felt that he had meritorious grounds for appeal."

■ Upon the foregoing and the record as a whole, it is established beyond dispute that Williams at all times desired to appeal from his conviction, that he so advised counsel and his counsel so understood.

It is equally clear that attorney Howard took no steps to perfect an appeal, at least prior to July 13, 1964, a date long after the right to appeal had expired. The transcript of Mr. Howard's testimony includes:

"A I can't think of any reason for the delay. Now that I think about it now, it might be that I probably thought that that was the extent of my duty as a court appointed attorney, and that maybe I had second thoughts because I think that what happened was that I came—I came to this court building, I had a conversation with Judge Harper, a verbal one, and I think that it was agreed between the two of us that perhaps maybe the limit of my court appointed duties would be to file an appeal. I think that this is probably what happened, and the reason that I filed the appeal.

Q Well, I think perhaps I didn't make myself entirely clear. I was asking if you recall at this time any particular reason why the delay between the 26th of May and the 13th of July?

A No, I don't."

Mr. Howard testified with respect to unsatisfactory financial arrangements with Mr. Williams in connection with representing him in a state prosecution and stated that he was court-appointed counsel in the present case against his will, and then said:

"I might say this, too: I believe, regardless of not having been paid or anything, that Mr. Williams certainly, if he did not know that—well, I told Mr. Williams that I would not represent him on an appeal, I told him that, and I also informed the court. I think that where the problem lies is that the court failed to appoint counsel for Mr. Williams on an appeal."

18 U.S.C.A. § 3006A(c) provides in part:

"A defendant for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States commissioner or court through appeal. * * *"

Our Rule I implementing the Criminal Justice Act squarely places the obligation on court-appointed counsel to advise his client of the right to appeal and to file upon request a timely notice of appeal, and provides such counsel shall continue to represent the defendant unless and until relieved by the court. Williams' trial took place shortly before the enactment of the Criminal Justice Act of 1964 and before the adoption of our rule implementing the Act. At the time of Mr. Howard's court appointment to represent Williams, he was required to so serve without compensation.

■ We believe that the provisions of the Criminal Justice Act and our rules implementing the Act, insofar as defendant's right to counsel is concerned, merely state the policy in existence prior to their adoption. A defendant's right to representation by counsel at all critical stages of his trial, from his initial appearance before the commissioner

through appeal, has been recognized by numerous Supreme Court decisions, including Anders v. State of. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Shockey v. Illinois, 375 U.S. 22, 84 S.Ct. 83, 11 L. Ed.2d 43; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

We have no doubt that the period between the date of sentence and the expiration of the time allowed for appeal is a critical stage of the criminal proceeding and that defendant's constitutionally guaranteed right to counsel covers such period. A defendant without aid of counsel to perfect his right to appeal would be in effect denied a right to appeal. The right of indigents to appeal and to have aid of counsel in connection therewith as established by Douglas v. People of State of California would be frustrated by denying defendant competent counsel to aid him in taking the required necessary steps to take the appeal.

It is our view that Williams was abandoned by his court-appointed counsel during the period allowed him for taking an appeal. If it can be said that counsel was nominally acting for him, the result would be no different. It is undisputed that on the day after sentence Williams unequivocally advised his counsel of his desire to appeal and that he had consistently maintained such a position. The record clearly shows that Mr. Howard understood that Williams desired to appeal.

The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would, as stated by the District of Columbia Circuit in Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732, constitutes "such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255." See Hines v. United States, 237 A.2d 827, D.C.Ct.App.; People v. Shockey, 25 Ill. 2d 528, 185 N.E.2d 893, 897 (dissenting opinion Justice Shaefer). The holding of the majority in the case last cited was reversed in Shockey v. Illinois, 375 U.S. 22, 84 S.Ct. 83, 11 L.Ed.2d 43.

We hold Williams was deprived of his constitutional right to effective assistance of counsel at the critical time between sentence and the expiration of time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction.

In situations where a defendant has failed to obtain a fair appellate review of his conviction by reason of the denial to him of a constitutionally guaranteed right, means have been found to rectify the wrong by providing an appellate review of the conviction. United States v. Smith, 6 Cir., 387 F.2d 268, 271; Miller v. United States, 5 Cir., 356 F.2d 63, 65; Dillane v. United States, 121 U.S.App. D.C. 354, 350 F.2d 732, 733; Hannigan v. United States, 10 Cir., 341 F.2d 587, 588.

As pointed out in the cases last cited, the objective of granting a defendant an appellate review of which he has been unconstitutionally deprived is generally accomplished by means of vacating the sentence and remanding the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence. We follow such procedure here.

This case is remanded to the trial court with directions to vacate the sentence imposed upon Williams in No. 64 CR 13(1) on May 1, 1964, and to resentence the defendant.[1]

Harvey L. Zuckman, court-appointed counsel who has efficiently and ably represented Mr. Williams upon this appeal, shall continue to represent Williams in

I. As pointed out in footnote 2 in Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732, 733, "in resentencing, the District Court would, of course, consider the time appellant has already served."

this litigation unless and until relieved of such obligation by this court or the District Court.

Reversed and remanded.