**James DAVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20502.**

United States Court of Appeals,
Eighth Circuit.

April 7, 1971.

---

Joseph J. Dolgin, Clayton, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

STEPHENSON, Chief District Judge.

On June 6, 1963, James Davis was charged by indictment with unlawfully selling narcotics in violation of 26 U.S.C. § 4705(a) and with receiving, concealing and possessing narcotics in violation of 21 U.S.C. § 174.

Davis, with retained counsel in the person of Mr. Carl Katzen of the St. Louis bar, entered a plea of not guilty. He was tried to a jury. A verdict of guilty on two counts of possession and two counts of sale of heroin was returned. The trial court imposed a sentence of fifteen years on each count and specified that the sentences were to run concurrently. Of importance here is the fact that Mr. Katzen, on September 9, 1963, timely filed a notice of appeal on Davis' behalf, and the additional fact that, this appeal was, on appropriate motion of the government, dismissed for want of prosecution on February 11, 1964.

On March 13, 1970, Davis, now an inmate at Leavenworth, filed his motion under 28 U.S.C. § 2255 to vacate his sentence. Leave was granted to proceed in forma pauperis and counsel was appointed. Judge Meredith, after a plenary hearing, ruled on the motion and denied it. However, he granted leave to appeal in forma pauperis. We treat the order granting leave to appeal in forma pauperis as a certificate of good faith under 28 U.S.C. § 1915(a). See In For-

ma Pauperis Appeals, 43 F.R.D. 343, 354 (1967). A complete transcript of the § 2255 hearing has been provided.

Here, as in other cases of this type, the defendant's guilt or innocence of the charges under the indictment is not now before us. The sole issue Davis raises is whether he suffered dismissal of his direct appeal because he was abandoned by his retained trial attorney after sentencing. Judge Meredith, in general terms, found that "there is no evidence to establish petitioner's claim of ineffective assistance of counsel and the cause will be dismissed." The defense urges otherwise and cites Williams v. United States, 402 F.2d 548, 551–552 (8th Cir. 1968), with its reference to "a defendant's right to representation by counsel at all critical stages of his trial, from his initial appearance before the commissioner through appeal," and Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965). It specifically stresses that (a) Mr. Katzen, although he timely filed a notice of appeal, failed to prosecute the appeal; (b) Davis did not knowingly and willingly waive his right to appeal, nor did he or his family make an affirmative decision not to appeal; (c) Mr. Katzen's failure to prosecute the appeal to completion constitutes a denial of Davis' right to the effective assistance of counsel; and (d) Davis was deprived of his right of appeal because of this ineffective assistance of counsel.

In summary and to repeat: We are confronted with a post-conviction application for relief from a federal sentence imposed more than seven years ago by an applicant who has permitted his claim to lay dormant for over six years before taking any positive action. The claim is ineffective assistance of counsel. Our task is to determine whether Judge Meredith's findings are clearly erroneous. Fed.Rules Civ.Proc., Rule 52(a), 28 U.S.C.A.; Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969). By this measure, we readily conclude that the evidence received at the plenary hearing is supportive of Judge Meredith's findings and that such findings were not clearly erroneous. We so hold and do so for the following reasons:

(a) There is sharp conflict in the evidence as to Davis' feeling regarding a direct appeal. Davis testified that he wanted to take an appeal; that he expected Mr. Katzen to represent him in connection with this appeal; and that he "left" ten or twenty dollars—"I can't remember just right exactly"—with Mr. Katzen's secretary to have the appeal docketed. All this was specifically denied by Mr. Katzen. He testified that he prepared a typed notice of appeal and that his office paid the five dollar docketing fee; that "it was only a matter of form that I filed the notice of appeal"; that Davis and his family "had more or less resigned themselves to the fact that his trial had been had and he was going to serve time"; that Davis and his family felt that Davis would be "better off" in the penitentiary because of Davis' drug addiction; and that he found himself in "the position of chasing Mr. Davis' family," * * * "to try to get them to discuss the matter of appeal with me." Thus, in this posture, the situation is the usual one of conflicting testimony. We cannot say that Judge Meredith erred as a matter of law in accepting the testimony of witness Katzen and in not accepting that of Davis.

(b) That Mr. Katzen fully discussed Davis' right of appeal with Davis and members of his family is not contested. That Davis and his family were concerned with his drug addiction; that they were aware of the treatment available to addicts in the penitentiary; and that they believed that Davis might be able to cure his addiction if confined finds adequate support in the testimony of Dorothy Theriot, his wife and a registered nurse, and in that of Mr. Katzen. In this setting the argument of the Government that Davis and his family made an affirmative decision not to take an appeal on the basis of his addiction becomes persuasive.

(c) Mr. Katzen, on September 12, 1963, directed a letter to Davis informing him that a notice of appeal had been filed and that Davis should immediately contact him. Davis' failure to respond to this letter stands unexplained in the record and is supportive of an inference that he was not interested in procuring or pursuing an appeal.

On the basis of a careful review of the entire record in this case we cannot find the clear error which we are obliged to find under Rule 52(a) if we are to set aside Judge Meredith's findings. We therefore affirm.

We are grateful to Mr. Joseph J. Dolgin for his efforts as court-appointed counsel for Davis on this appeal.

Affirmed.