**Manuel De La Hoz VICENTE, Petitioner,**

v.

**UNITED STATES DISTRICT COURT, SAN JUAN, PUERTO RICO, Respondent.**

Civ. No. 56–72.

Crim. No. 164–69.

United States District Court,
D. Puerto Rico.

Aug. 3, 1973.

Salvador Antonetti Zequeira, San Juan, P. R., for petitioner.

Jorge Rios-Torres, Asst. U. S. Atty., San Juan, P. R., for respondent.

MEMORANDUM AND ORDER

TOLEDO, District Judge.

This cause came to be heard on motion of petitioner pursuant to Title 28, United States Code, Section 2255. Petitioner alleges that he was denied his right of appeal at the time of sentencing and immediately thereafter because of constitutionally inadequate counsel, and

that he is therefore entitled to have his right to a timely appeal restored.

An evidentiary hearing was held on May 15, 1973, wherein petitioner was represented by court appointed counsel. In addition to considering all documentary evidence on file, the Court heard the testimony of petitioner and of Ignacio Rivera Cordero, Esquire, the attorney who represented him at the time of sentencing. The Court also heard the arguments of counsel for petitioner and for respondent. In addition, memoranda were requested, filed and considered.

Due consideration having been had, the Court makes the following:

## FINDINGS OF FACT

1. Petitioner was sentenced on August 21, 1970 to a period of confinement of eight (8) years pursuant to Title 18, United States Code, Sections 4208(a) and Title 26, United States Code, Section 7237(b).

2. Immediately after being sentenced, on August 21, 1970, a Friday, petitioner asked his court appointed counsel, Ignacio Rivera Cordero, Esquire, about the possibility of an appeal and the probability of a successful appeal.

3. Mr. Rivera Cordero told petitioner that he would study the matter and give him an opinion.

4. Immediately thereafter, petitioner was taken by United States Marshal to the State Penitentiary at Rio Piedras, Puerto Rico, where he was placed in maximum security.

5. On August 24, after research on the possible issues on appeal, Mr. Rivera Cordero tried to get in touch with petitioner. Through the United States Marshal's office, he ascertained that petitioner was confined in the State Penitentiary where he unsuccessfully attempted to reach petitioner by telephone.

6. On that same date, Mr. Rivera Cordero wrote to petitioner the following letter: [1]

"Mr. Manuel de la Hoz
State Penitentiary
Maximum Security
Rio Piedras, Puerto Rico

Dear Manuel:

"During the weekend I have been reviewing the merits of a possible appeal and I have convinced myself that the same would be improper (literally: contrary to law), since it would be a useless act to appeal to Boston.

Your case was a relatively simple one and we would have no chance in Boston. In addition, in order to appeal to Boston the appeal itself must be meritorious so that you may have the benefit of a free lawyer.

See you soon.

Your friend forever,

(sgd.) Ignacio Rivera Cordero
Ignacio Rivera Cordero"

7. The only evidence before the Court is that petitioner did not receive the letter until August 28 or August 29, 1970.

8. Upon receiving the letter, petitioner interpreted it as meaning that he had no right to appeal nor the right to court appointed counsel on appeal, although the intention of his attorney was to signify that he found no meritorious grounds for appeal on the merits of the case.

9. Petitioner was unaware of the fact that the term of ten days within which to notice his appeal did not expire until August 31 at the earliest and believed it expired on August 30, a Sunday.

10. Under the circumstances of his confinement, petitioner was unable to communicate readily with Mr. Rivera Cordero, with the Court, or with other counsel had he so desired.

---

1. Plaintiff's Exhibit #1 at the hearing of May 15, 1973. The text included is a translation, since the original is in Spanish.

In view of the above, the Court reaches the following:

## CONCLUSIONS OF LAW

1. Mr. Rivera Cordero at all times, before and after sentencing, represented petitioner in an able and vigorous manner and petitioner was not denied his constitutional right to counsel in this respect.

2. It is a reasonable conclusion, however, that petitioner may have been improperly denied his right to a timely appeal by a concatenation of circumstances including, among others, the nature of his confinement which isolated him from counsel, his indigence, his ignorance of court process and the ambiguity of the communication he received from counsel. It is not altogether clear that petitioner would have exercised his right to appeal even with the benefits of ready access to counsel. Any doubt, however, must be resolved in petitioner's favor.

3. The proper remedy in this case is to vacate the sentence imposed upon petitioner and to sentence him anew. It is clear that any new sentence imposed should not be longer than the previous one and that petitioner should be given full credit for time served up to the time of the new sentence. Upon resentencing, the Court will make its own determinations without being obligated by nature or length of the prior sentence. Dillane v. United States, 127 U.S.App.D.C. 377, 384 F.2d 329 (1967); Jenkins v. United States, 130 U.S.App.D.C. 248, 399 F.2d 981 (1968); Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Desmond v. United States, 1 Cir., 345 F.2d 225 (1965); United States v. Bell, 5 Cir., 457 F.2d 1231 (1972); United States v. Hill, 7 Cir., 447 F.2d 817 (1971); McGee v. United States, 2 Cir., 462 F.2d 243.

Accordingly, it is ORDERED, that petitioner's motion be and the same is hereby granted. The Clerk of this Court will immediately set a date for the resentencing of petitioner.

It is so ordered.