UNITED STATES of America, Appellee,

v.

Tyrone Lewis THOMAS, Appellant.

No. 75–1946.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1977.

Decided Sept. 26, 1977.

---

Thomas B. Hayes, Jr., St. Louis, Mo., for appellant.

Donald J. Stohr (former U. S. Atty.) and Thomas E. Loraine, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

In November 1975, Tyrone Lewis Thomas was found guilty of violating 18 U.S.C. § 2312 (Count 1) and 18 U.S.C. § 1201 (Count 2). This court affirmed the conviction on direct appeal in *United States v. Thomas*, 536 F.2d 274 (8th Cir. 1976). The opinion was filed on June 2, 1976; mandate issued on July 12, 1976. A court-appointed counsel represented Thomas before the district court and on appeal to this court.

On August 12, 1977, Thomas filed motions in this court to recall its prior mandate and to appoint counsel. He claims that his appointed counsel failed to inform him of his right to petition for writ of certiorari in the United States Supreme Court after we affirmed his conviction on June 2, 1976. On the ground that he was thereby denied effective assistance of counsel, he requests this court to recall its prior mandate issued on July 12, 1976, and to issue a new mandate so that he can petition for certiorari.

In *Wilson v. United States*, 554 F.2d 893, 894 (8th Cir. 1977), we held:

> Failure to advise a defendant of his right to petition for certiorari in the Supreme Court violates his right to effective assistance of counsel as guaranteed by Fed. R.Crim.P. 44(a) and the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1970), *see Report of the Committee to Implement the Criminal Justice Act of 1964*, 36 F.R.D. 282, 291 (1965); *Lacaze v. United States*, 457 F.2d 1075, 1078 (5th Cir.), *cert. denied*, 409 U.S. 921, 93 S.Ct. 251, 34 L.Ed.2d 180 (1972), and violated Section V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. Rules of the United States Court of Appeals for the Eighth Circuit App. at A–15 (1976). It may also violate constitutional rights to effective assistance of counsel and due process of law. *Cf. Williams v. United States*, 402 F.2d 548 (8th Cir. 1968); *Dillane v. United States*, 121 U.S. App.D.C. 354, 350 F.2d 732 (1965) (failure to advise of the right to a direct appeal).

Hence, under *Wilson*, if the movant was not informed by his counsel of his right to petition for certiorari he was deprived of his right to effective assistance of counsel.

Accordingly, movant's motion to recall prior mandate is conditionally granted as follows. We recall our mandate issued July 12, 1976, and remand the cause to the district court for an evidentiary hearing on the issue of whether movant's counsel informed him of his right to petition for certiorari. If the district court determines that movant's counsel did not advise him of the right, a new mandate will be issued reaffirming our prior affirmance of the judgment of conviction and, by a copy

thereof, movant will be advised of his right to petition for certiorari. If, on the other hand, the district court determines that movant's counsel did advise him of the right, then a mandate affirming the judgment of conviction will be issued but the time of issue will relate back to the date of the prior mandate of July 12, 1976.

We treat movant's motion for appointment of counsel as an application for relief of district court counsel and for appointment of new counsel under Section II, Parts 1 and 3, of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. The motion is granted, and the district court is directed to appoint counsel to represent movant in the evidentiary hearing. Should the district court find that the movant was not advised of his right to petition for certiorari, it will be the obligation of appointed counsel to advise movant with respect to his right to petition for certiorari.