Henry **HARGETT**, a/k/a Henry S. Hargett, Appellant,

v.

**UNITED STATES, Appellee.**

No. 11367.

District of Columbia Court of Appeals.

Submitted June 21, 1977.

Decided Dec. 20, 1977.

Frederick H. Weisberg, Public Defender Service, Washington, D. C., was on the brief, and Leslie J. Harris, Public Defender Service, Washington, D. C., was on the reply brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, John L. Gizzarelli, Jr., and Sallie H. Helm, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from an order denying a motion (pursuant to D.C.Code 1973, § 23–110) for vacation of sentence and for resentencing in order to start anew the ten-day period within which a notice of appeal may

be timely filed. Finding no error in the denial of the motion, we affirm.

After conviction of assault with intent to kill while armed, and other offenses, appellant was sentenced on November 25, 1975, to serve an aggregate sentence of from ten to thirty years. No notice of appeal was filed. Approximately five months later, appellant, through new counsel, filed the instant motion. He averred that after sentencing, at a time when he was extremely upset, he told his lawyer that he wished a new trial. He alleged that he had been left with the impression that his lawyer would take care of the appeal for him. An evidentiary hearing was held, and the trial court subsequently issued a written order. Included therein were findings that appellant had been informed by trial counsel (as well as by the court) of his right to appeal, and that appellant had not indicated affirmatively to his lawyer a desire to appeal. The transcript reveals that the lawyer stated that he had not directly asked appellant if he wanted to appeal. The trial court found that the lawyer's representation did have "shortcomings," that the post-sentencing advice lacked clarity, that it was given at a time when by all accounts appellant was in great distress, and that the lawyer might have been more solicitous of his client by contacting him thereafter. However, it ruled:

> As a matter of law, . . . the Court cannot find on the evidence before it that the attorney's failure to file an appeal amounted to ineffective assistance of counsel in this case. Because it cannot so find, it has no choice but to deny the motion at this time.

We are urged to reverse the trial court's ruling and hold that the trial lawyer's conduct did as a matter of law constitute a denial of appellant's Sixth Amendment right to the effective assistance of counsel. *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Alternatively, we are asked to find in this case "exceptional circumstances" which warrant vacation of the sentence absent constitutional infirmity. *Atkinson v. United States,*

D.C.App., 366 A.2d 450, 452 (1976); *United States v. McCord,* 166 U.S.App.D.C. 1, 8, 509 F.2d 334, 341 (1974). We hold that the assistance of counsel was not constitutionally defective and that appellant has not raised sufficient allegations to warrant vacation on other grounds.

It is clear that a defendant's opportunity to appeal from a criminal conviction may not be ineffectuated by his poverty, *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), by the failure of the trial court to inform the defendant of that right, *Rodriquez v. United States, supra,* or by failure of counsel to file the appeal upon request, *Hines v. United States,* D.C.App., 237 A.2d 827 (1968). Should such constitutional infirmity prevent the appeal, a convict would be entitled to vacation and reimposition of his sentence without showing—or even asserting—nonfrivolous grounds for appeal arising out of his trial. *Rodriquez v. United States, supra.* We must, therefore, determine whether, in this case, there existed such constitutional infirmity.

In both *Rodriquez* and *Hines* the opportunity to appeal was ineffectuated by a failure to perform a ministerial act. In *Hines,* we held that the failure of counsel to note an appeal on demand by his client was not to be reviewed by standards that distinguish between counsel's neglect and ineffective assistance. The performance of such a task does not depend upon the soundness of the attorney's judgment or upon other personal factors which might affect the attorney's performance. In this case, on the other hand, both the trial judge and appellant's trial counsel advised appellant of his right to appeal and the means by which an appeal might have been filed. If there was failure in this case, it was a failure of communication, not a failure to perform duties communicated. A failure of communication cannot be attributed solely to counsel; and a failure attributable to counsel is not constitutionally cognizable unless it is found that the failure resulted from his gross ineptitude. *See Angarano v. United States,* D.C.App., 312 A.2d 295, 299

(1973). Neither "inadvertent failure" (*id.* at 298) of communication nor "[m]ere errors of judgment as disclosed by subsequent events" (*United States v. Hammonds,* 138 U.S.App.D.C. 166, 170, 425 F.2d 597, 601 (1970)) is sufficient to overcome the presumption that a criminal defendant's representation was constitutionally adequate. Although it would, perhaps, have been appropriate for trial counsel to have been more attentive to his client, we cannot hold that appellant has borne his burden of showing gross ineptitude.

Appellant asserts, however, that we may, absent constitutional infirmity, permit vacation of his sentence under the authority of *United States v. McCord, supra, quoted with approval* in *Atkinson v. United States, supra* at 452, that "exceptional circumstances [may] justify the failure to appeal . . . ." 166 U.S.App.D.C. at 8, 509 F.2d at 341. This language, dictum in both cases, derives from a long line of Supreme Court cases in which "exceptional circumstances" were found to justify expansion of habeas corpus relief. Those circumstances, however, invariably involved the "denial of basic rights." *Robinson v. United States,* 361 U.S. 220, 230 n.14, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). The language finds its origin in *Bowen v. Johnston,* 306 U.S. 19, 26–27, 59 S.Ct. 442, 83 L.Ed. 455 (1939), where the Court permitted habeas corpus attack of a conviction which, on its face, indicated a lack of subject matter jurisdiction in the trial court. The availability of the writ was further expanded in *Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), where the Court held that denial of an accused's Sixth Amendment right to counsel deprived the trial court of jurisdiction and made the writ available. The next step was taken in *Waley v. Johnston,* 316 U.S. 101, 105, 62 S.Ct. 964, 966, 86 L.Ed. 1302 (1942), when the Court held that the writ was available in "those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights."

■ The expansion of availability of collateral attack through the "exceptional circumstances" doctrine, therefore, has been limited to those "exceptional circumstances" which involve the denial of a basic right. It is true that these basic rights have not entirely been limited to constitutional rights. *See Escoe v. Zerbst,* 295 U.S. 490, 494, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), where the writ was allowed in attack of a parole revocation without the statutorily mandated hearing and where the Court did not rely upon a denial of constitutional due process. But even the denial of constitutional rights, if not basic to the right to a fair trial, need not be subject to collateral attack. *Stone v. Powell,* 428 U.S. 465, 486, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

■ The "right of appeal" is not such a basic right. Rather, it is the opportunity to note a statutorily granted right of appeal that is the basic right. Only when that opportunity is denied by constitutionally cognizable factors may we find a denial of a basic right. *Rodriquez v. United States, supra; Coppedge v. United States, supra; Hines v. United States, supra.* The instant case is analogous to *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). In that case, the defendant alleged the denial of his opportunity to make a statement before he was sentenced. The Court held that "exceptional circumstances" were not present:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. . . . [*Id.* at 428, 82 S.Ct. at 471.]

Similarly, we find no denial of the opportunity to appeal in the failure of counsel to specifically ask whether appellant wanted him to file an appeal. Absent such a finding, we adhere to the rule that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of procedure. *Id.* at 429, 82 S.Ct. at 472. Our rules have been fashioned to provide every opportunity for

appeal, but they also dictate that there be an end to litigation.

> Wise judicial administration of the federal courts counsels against [expansion of collateral attack], at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court. [*Sunal v. Large,* 332 U.S. 174, 182, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982 (1947).]

Finding no such error, the denial of appellant's motion is

*Affirmed.*

KELLY, J., concurs in the result.

MACK, Associate Judge, dissenting:

We are confronted with circumstances where an indigent defendant, in great distress after being sentenced to spend from ten to thirty years in jail, told his counsel he wanted a "new trial," where counsel did not directly ask him if he wanted to appeal, and where counsel thereafter neither contacted him nor did anything on his behalf. In my opinion these circumstances bring this case within the rationale of those decisions which hold that such extraordinary inattention by counsel to his client's interests amounts to ineffective assistance of counsel cognizable on collateral attack—at least for the limited purposes of restoring a defendant to the status of one upon whom sentence has just been imposed and who has ten days in which to institute a direct appeal. *Hines v. United States,* D.C.App., 237 A.2d 827 (1968); *Dillane v. United States,* 121 U.S.App.D.C. 354, 350 F.2d 732 (1965), *aff'd after remand* 127 U.S.App.D.C. 377, 384 F.2d 329 (1967). *See also Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). I would reverse the denial of the motion to vacate the sentence, and remand for resentencing.