**Daniel GROOMS, Petitioner,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, and Mark V. Meierhenry, Attorney General, State of South Dakota, Respondents.**

**No. Civ. 81–3024.**

United States District Court,
District of South Dakota,
Central Division.

Sept. 2, 1981.

---

Scott C. Petersen, Sioux Falls, S. D., for petitioner.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, S. D., for respondents.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### CASE SUMMARY

Petitioner filed an application for writ of habeas corpus, claiming that he had been deprived of his right to appeal his 1979 conviction by ineffective assistance of counsel. Having found that petitioner did not waive his right to appeal, and that his rights were in fact violated, this Court provisionally grants the writ of habeas corpus.

### FACTUAL BACKGROUND

The basic facts of this case are essentially undisputed. The briefs of both petitioner and respondent adopted an account of testimony given at a December 1, 1980 hearing on petitioner's petition for post-conviction relief in state court.

Petitioner testified that shortly after his sentencing on August 9, 1979, he had a conversation with his court-appointed attorney ... concerning grand theft charges which were pending in the State of North Dakota. Petitioner further testified that he was advised that the North Dakota authorities would not proceed with their grand theft charge if he did not file an appeal of his South Dakota conviction. Petitioner further testified that he still wanted to take the appeal although North Dakota offered to dismiss their charges if he did not take an appeal. Petitioner also testified that [his attorney] visited with him on approximately the 9th day of September, 1979, regarding his appeal and that he decided then that he should file an appeal.

[Petitioner's attorney] testified at the December 1, 1980 post-conviction relief hearing that he discussed an appeal with Petitioner on August 9, 1979, but that he did not advise Petitioner as to the specific time that was allowed in which to file an appeal. [Petitioner's attorney] further testified that he had additional telephone conferences with Petitioner concerning the matter of an appeal and that he presented Petitioner with an offer made by the North Dakota authorities. Specifically, [Petitioner's attorney] testified that on September 6th, 7th or 8th he discussed the matter of appeal with the Petitioner at the state penitentiary. At that time, he and Petitioner reviewed the North Dakota offer and Petitioner indicated he wished to make his appeal even though the North Dakota authorities would possibly proceed with the grand theft charges if he did so. Finally, [Petitioner's attorney] testified that he began to perfect an appeal on behalf of Petitioner forty-five days after the trial, which would have been on September 23, 1979. [Petitioner's attorney] testified that it was on that date that he discovered that the South Dakota Legislature had recently reduced the time within which an appeal could be filed from sixty to thirty days from the date of conviction.

Following this hearing, the state trial judge filed a memorandum opinion and order denying the petition for post-conviction relief. Among the conclusions of law the state court made was number IV, which stated "That petitioner submitted no authority or evidence at the post-conviction hearing establishing errors at trial that

would serve as grounds for an appeal of his conviction."

The petitioner subsequently exhausted his available state remedies and on May 29, 1981, commenced this habeas corpus action.

## DISCUSSION

Respondent argues first that since there was "a hearing on the merits of a factual issue . . . evidenced by a written finding," the state trial judge's denial of petitioner's claims is presumptively correct under 28 U.S.C. § 2254(d), and that this action should therefore be dismissed. While respondent is correct that findings of fact by a state court are presumptively valid in federal habeas corpus proceedings, " '[o]n the other hand, State adjudications of questions of law cannot, under the habeas corpus statute, be accepted as binding . . . the mandate of the supremacy clause (is) that the ultimate decision of federal constitutional law remains in the federal courts.' " *Zemina v. Solem,* 438 F.Supp. 455, 464 (D.S.D.1977), aff'd. 573 F.2d 1027 (8th Cir. 1978).

It is not disputed that Conclusion of Law IV related to the state trial court's belief that to obtain relief from a violation of petitioner's right to appeal, petitioner was obligated to specify the trial errors that would have provided the grounds for appeal.[1] This view of the law was erroneous. As the case of *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir. 1981) recently held, "[i]n situations where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal," citing *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir. 1970), *cert. denied,* 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971); *Williams v. United States,* 402 F.2d 548 (8th Cir. 1968).

It is also clear from these foregoing cases that the "failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so . . . constitutes 'such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under' " the habeas corpus statute. *Williams v. United States,* 402 F.2d at 552.

Respondent does not contest the fact that petitioner requested his attorney, before the time for appeal had run, to file an appeal of his conviction. Neither, obviously, does respondent contest the fact that petitioner's attorney failed to do so. Respondent does argue, however, that petitioner somehow waived his right to appeal, citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Yet respondent does not indicate how, when petitioner specifically asked his attorney to appeal, petitioner could be held to have made "an intentional relinquishment or abandonment of a known right or privilege," 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, when there is every indication in the record that petitioner meant to exercise his right, and would have done so but for his attorney's failure to follow his direction.

The conclusion becomes inescapable, then, that petitioner's rights were violated and, as in the *Williams* and *Robinson* cases, he is entitled to relief. The Court therefore orders that a writ of habeas corpus be issued commanding the release of petitioner. Issuance of the writ shall be stayed for ninety days, during which time the state may, if it shows that the violation of petitioner's constitutional rights found in this memorandum will be remedied, make an appropriate motion to this Court to vacate the writ.

---

1. Petitioner's brief contained the following language from the state trial judge's memorandum:

     . . . while neither party submitted any authority on the point it seems to me that

before a Petition could be sustained on that grounds and a new trial granted that it would be necessary on the part of the Petitioner to show appealable error at trial.