Donald O. LANSDOWN, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 19203–3.

United States District Court,
W. D. Missouri, W. D.

May 20, 1971.

Donald O. Lansdown, pro se.

J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction of "grand stealing." Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Wright County of the offense of "grand stealing"; that he was sentenced on that conviction on May 20, 1968, to a term of ten years' imprisonment; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed prior petitions for habeas corpus in this Court, all of which were dismissed without prejudice for failure to exhaust state remedies (see Lansdown v. Swenson (W.D.Mo.) Civil Actions Nos. 1376, 17473–3, 17900–3, and 18326–

3); that he filed a motion to vacate his sentence under Rule 27.26 of the Missouri Rules of Criminal Procedure which was denied in June 1969; that he appealed the denial to the Missouri Supreme Court, which affirmed the judgment of the trial court in Lansdown v. State, Mo., 464 S.W.2d 29 (1971); that he has filed a petition for habeas corpus in the Missouri Supreme Court and a petition for mandamus, both of which have been denied; and that he was represented by counsel at his arraignment and plea, at his trial, his sentencing, and on his Rule 27.26, V.A.M.R. motion and the appeal from the denial thereof.

Petitioner states the following as the grounds on which he bases his allegation that he is being held in custody unlawfully:

"(a) Petitioner was denied compulsory process to obtain wittnesses (sic) in his behalf for his defense at his trial.

"(b) Petitioner was denied the right to effective assistance of counsel.

"(c) Petitioner was denied a Mental examination, when substantial evidence existed, showing that petitioner was a former mental patient."

Petitioner states the following as facts supporting the above grounds:

"(a) Petitioner alleged in his amended Rule 27.26 motion that he was denied the right to subpoena witnesses in his. behalf, same issue being presented to the Missouri Supreme Court on appeal. At the hearing on that motion, petitioner testified that he desired to call Danny Buchmaster and Gerald Mc-Crutcheon as witnesses.

He said that these witnesses would have supported petitioner's alibi defense by testifying that petitioner was already in jail at the time the car was stolen. Petitioner further testified that he gave his trial counsel and the sheriff the names of the witnesses he wanted to call.

The trial court and the Missouri Supreme Court found that '. . . defendant was not denied the right to subpoena witnesses in his trial, but was afforded an opportunity to subpoena any witnesses he wanted'. This finding is so clearly erroneous and Unconstitutional (sic). There is absolutely no evidence contrary to petitioner's testimony that he was denied the right to compulsory process. Petitioner's trial counsel did not testify at the hearing, and the sheriff had nothing to say on that point. There is simply no evidence, whatever, to support the court's finding.

\* \* \* \* \* \*

"(b) Petitioner alleged that he was improperly denied his right to appeal from his conviction. He further alleged that his trial counsel dealt away his right to appeal in violation of petitioner's right to due process of law, though petitioner had requested an appeal, as evidenced by his counsel's letter of October 22, 1968 (tr 19).

Petitioner had an absolute right to an appeal from his conviction, and is entitled to be represented by counsel on that appeal. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501. No matter what counsel's reason for not taking the appeal may be, if a defendant desires to appeal, the conviction must be appealed. A failure to do so denies the defendant the effective assistance of counsel as a matter of law. For a strikingly similar factual situation, see State v. Frey, 441 S.W. 2d 11 (Mo.1969), in which the court said, l. c. 14: 'The state further concedes that Frey was unconstitutionally deprived of his direct appeal and the effective assistance of counsel because of the failure of counsel to file a timely notice of ap-

peal regardless of his motive in so doing. The transcript of the record bears out the propriety of this concession.' The court added the comment, l. c. 15: 'The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so constitutes such extraordinary inattention to client's interests as to amount to ineffective assistance of counsel cognizable on motion to vacate.'

See also Williams v. United States, 402 F.2d 548 (8th Cir. 1968); State v. Jones, 446 S.W.2d 796 (Mo.1969) and Jones v. State, 445 S.W.2d 311 (Mo.1969). The failure to appeal also deprived petitioner of the right to have several trial errors reviewed on appeal. Petitioner alleged that he did not have a fair trial because law enforcement officers wore weapons in the courtroom, which prejudiced the jury. At the Rule 27.26 hearing, petitioner testified that he was frisked in the presence of two jurors, which likewise prejudiced the jury against him.

The cumulative effect of these irregularities might have denied petitioner a fair trial. But in view of the holding in Wilwording v. State, 438 S.W.2d 447 (Mo.1969), petitioner is not allowed to present trial errors in his 27.26 and also could not appeal such errors to the Missouri Supreme Court on the adverse ruling of his 27.26 proceedings. The only place he could have asserted these errors was in a direct appeal, which was denied to him. The failure of counsel to appeal thus denied appellate review of these irregularities to petitioner. Petitioner contends for this reason alone his illegal and unconstitutional sentence should be reversed.

\* \* \* \* \* \*

"(c) The court errored in that this defendant was denied a sanity hearing by the court after filing proper motion for same, after showing the court that the defendant had at one time been a patient in the Colorado Mental Hospital . . .

Not only was the petitioner denied a proper sanity hearing on his competency to stand trial but was also denied the right of insanity as a defense in the case. Petitioner offered to prove by his past Mental records that he was incompetent at the time of the commission of the alleged offense, and further offered to prove that he presently suffers with the mental disease of epilepsy; that he had been denied his medication for a period of two months while awaiting in jail for trial on the present charge.

All of which was more than substantial reasons for the trial court to grant his motion for examination of mental state and to determine if the defendant had the capacity to understand the nature of the charges against him; and to assist his attorney in the preparation of his own defense. The above cases cited by the petitioner are applicable herein, and especially the cited case of Carpenter v. Missouri [Mo., 449 S.W.2d 584], where the Supreme Court of Missouri held it was constitutional error to sentence a defendant under such circumstances warranting a full hearing and determination of the defendant's mental capacity to stand trial under such evidence establishing that there was an impairment of his mental health . . ."

Because petitioner may thereby have stated denials of his federal rights and that he had exhausted his state remedies with respect to his contentions, the show cause order of this Court was issued on March 19, 1971, directing respondent to show cause in writing within 20 days why the writ of habeas corpus should not be issued. Respondent's response was filed on April 8, 1971, within the time allowed by the Court. Thereto, respondent attached the transcript on appeal from the denial of the Rule 27.26 motion in the Missouri Supreme Court;

petitioner's brief on appeal in that court; petitioner's supplemental brief on appeal in that court; respondent's brief on appeal in that court; and the written report of the decision of the Missouri Supreme Court affirming the judgment of the trial court in denying the Rule 27.26 motion, Lansdown v. State, *supra*. Respondent further made specific averments tending to show that petitioner's contentions were without factual or legal merit. In his original traverse of the response, petitioner admitted the genuineness and accuracy of all of the exhibits attached to the response except the "copy of the transcript on appeal," with respect to which petitioner stated that "although such record has been previously requested as a poor person he has never been afforded a copy. Therefore, petitioner has no other alternative than to deny that the record is correct."

On April 21, 1971, accordingly, this Court entered its order directing petitioner to state in writing whether he wished to offer additional evidence and, if so, to specify precisely what items of evidence he wished to offer. In that order, the Court stated:

> "The brief filed by petitioner in the Missouri Supreme Court on June 29, 1970, by and through his counsel, Lincoln J. Knauer, Jr., Esquire, of Springfield, Missouri, contains repeated references to the transcript of the trial. It therefore appears that petitioner has access to a transcript and that he should attempt to obtain it from his counsel for use in these proceedings.

> "Further, petitioner's contentions that the transcript of the state court proceedings is possibly not correct may constitute a further contention that further evidence on the petition herein should be heard in the federal district court under the standards fixed in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 786, as follows:

> > 'We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.'

> "Further, in accordance with the holding in Procunier v. Atchley, [400 U.S. 446, 91 S.Ct. 485] 27 L.Ed.2d 524, petitioner must not only 'point to the shortcomings in the procedures used . . . in the state courts' but must also 'show that his version of the events, if true, would require' the granting of relief in order to justify the granting of a new hearing by the federal court."

Petitioner was therefore directed by that order to state in writing the respects in which the transcript was in error and whether he wished to offer further evidence in support of his contention of error and, if so, what further evidence he wished to offer.

The order drew a reply from petitioner's counsel in the state Rule 27.26 proceedings as well as from petitioner. Petitioner's counsel stated that the transcript had been given to petitioner. Petitioner now admitted that he had a copy of the transcript and further stated "he has read such transcript and does not deny that it is a true copy of the proceedings had under the Rule 27.26 hearing." Further, petitioner did not state that he wished to offer any new evidence, but rather stated that "Petitioner takes the position that his position for habeas corpus is properly before this court."

■ The files and records in this case and the official report of the Missouri Supreme Court on the appeal from the denial of the Rule 27.26 motion show that petitioner's contentions in the case at bar were raised in the state trial court by means of the Rule 27.26 motion; that they were denied on their merits after a plenary evidentiary hearing; fully considered by the Missouri Supreme Court on appeal and denied on their merits by that Court. Under these conditions, petitioner's state remedies with respect to these contentions must be regarded as fully exhausted. Bosler v. Swenson (C.A.8) 423 F.2d 257; White v. Swenson (W.D.Mo. en banc) 261 F. Supp. 42; Russell v. Swenson (W.D. Mo.) 251 F.Supp. 196. Further, when, under the same circumstances, the state courts have reliably found facts in the application of current federal standards, it is well established that the federal district court may rely upon the facts reliably found by the state court. Meller v. Swenson (W.D.Mo.) 309 F.Supp. 519, affirmed (C.A.8) 431 F.2d 120; Mountjoy v. Swenson (W.D.Mo.) 306 F.Supp. 379, 381, and cases there cited; Caffey v. Swenson (W.D.Mo.) 318 F.Supp. 704, 707. The doctrine has recently been reaffirmed in In re Parker (C.A.8) 423 F.2d 1021. See also Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed. 2d 524, 529. The doctrine includes the principle that the federal district court may independently find facts from the state court record. Meller v. Swenson, *supra*. As will be more fully shown below, the state courts have reliably found the facts and have applied current federal standards as required by the trilogy of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and none of the circumstances under which the *Townsend* case requires the federal court to hold a new hearing exists in this case. As noted above, petitioner has declined the opportunity to offer further evidence in this case.

Petitioner's contentions must therefore be considered on their merits in view of the state record and findings in the application of current federal standards. His contentions will be considered in order.

*Petitioner's contention that he was not afforded an opportunity to subpoena witnesses in his own behalf*

The following constitutes petitioner's uncontradicted testimony in the Rule 27.26 hearing in the state trial court:

"Q Is there anything else now you think of?

"A You mean pertaining to the trial?

"Q Yes

"A Only one thing, I asked to subpoena witnesses, someone who was in the jail at the time I left which would correspond with the time the car was stolen who knew the last time I was in the jail. These people weren't subpoenaed. I don't know whose fault it was. I asked the Sheriff if they had been subpoenaed.

"Q Did you discuss that with Mr. Martin [Petitioner's attorney.]

"A I did, sir.

"Q You know whether any subpoena was ever issued or not?

"A I don't know that, sir.

"Q But you did request to have them as witnesses and they were not in court?

"A That is right. One other thing I would like to say, too. When I was in here Sears I asked that he be subpoenaed as a witness which he did testify he stole the car. Mr. Martin the reason I say he was inadequate counsel he refused to do so. Me and him left the court room and went downstairs and talked with Sears. He asked Sears if he knew for sure what he was doing, Sears said he did and he testified . . ." (Tr. 40)

\* \* \* \* \* \*

"Q Did you give Mr. Martin a list of the witnesses you wanted in your trial?

"A I told him who I wanted. The Sheriff came back and asked who I wanted, I told him. He has told me on each occasion even about the witnesses he didn't see any need of it." (Tr. 52)

\* \* \* \* \* \*

"Q Who were the witnesses you wanted subpoenaed at your trial?

"A Danny Buckmaster.

"Q Who else?

"A Gerald McCutcheon.

"Q Anyone else?

"A That is all, sir.

"Q What would Danny Buckmaster have testified to?

"A Well, sir, he would have testified that at the time he talked to me in the jail prior to, before I left the drunk tank I was put in without any water. The people said their car was stolen around midnight, isn't that right? I could have proved by this witness I was still in the jail by 1:15.

"Q By which witness?

"A Buckmaster, that is right.

"Q What would McCutcheon have testified to?

"A The same effect. He was the one that was turned loose on the same original charge I was put in jail on." (Tr. 52–53)

■■ From the foregoing, petitioner has not sustained his burden of showing that he requested the Court, or that his counsel requested, to issue subpoenas for the above prospective witnesses. In addition, petitioner admitted that the alibi witness Sears testified at the trial. The state trial court accordingly found that "the defendant was not denied the right to subpoena witnesses in his trial, but was afforded an opportunity to subpoena any witness he wanted." The Missouri Supreme Court, on the appeal from the judgment denying the Rule 27.26 motion, found as follows:

"In Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the Supreme Court of the United States held that an accused's Sixth Amendment right to have compulsory process for obtaining witnesses in his favor was so fundamental that it could be considered incorporated in the due process clause of the Fourteenth Amendment and, therefore, applicable to the states. (See also Art. 1, § 18 (a), Const. of Mo.1945, V.A.M.S.)

\* \* \* \* \* \*

"There was no evidence adduced at the hearing to indicate that defendant's employed counsel requested the issuance of subpoenas and was refused. Cf. State v. Worley, Mo.Sup., 383 S.W. 2d 529, 532 [3]. The trial court found 'that the defendant was not denied the right to subpoena witnesses in his trial, but was afforded an opportunity to subpoena any witnesses he wanted.' "

The state courts thereby reliably found the facts in the application of current federal standards and petitioner's contention of denial of his right to subpoena witness must be deemed by this Court to be without merit. The record is bereft, as the state courts found, of any attempt or request by counsel for petitioner to have Buckmaster and McCutcheon subpoenaed as witnesses. This case is thus unlike Washington v. Texas, *supra,* in which the defense "offered the testimony of Fuller," 388 U.S. at 16, 87 S.Ct. at 1921, 18 L.Ed.2d at 1021, and in which "the State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense." 388 U.S. at 23, 87 S.Ct. at 1925, 18 L.Ed.2d at 1025. It is the applicable federal rule that the defendant in a criminal proceeding must request the issuance of subpoenas before the Court is required to issue them. In Taylor v. Holman (M.D.Ala.) 222

F.Supp. 482, 484, affirmed (C.A.5) 330 F.2d 497, it was held as follows:

"As to Taylor's contention that he was denied the right to subpoena witnesses by the trial court of Sumter County, Alabama, this Court specifically finds that he made no request for witnesses to that Court in connection with the plea of guilty he entered in that Court on October 12, 1960, to the charge of burglary in the second degree. In the absence of any such request, there could be no denial."

Petitioner's claim of being denied the right to subpoena witnesses is without merit.

Whether petitioner's counsel rendered ineffective assistance of counsel in failing to make any request to the Court that Buckmaster and McCutcheon be subpoenaed is not a contention which has been raised by petitioner in the petition at bar. Neither was it raised in the motion to vacate in the state trial court nor briefed in the Missouri Supreme Court. The evidence is obviously undeveloped on such a potential contention. It is therefore not properly before this Court and state remedies have not been exhausted with respect to it. White v. Swenson, *supra.*

*Petitioner's contention of ineffective assistance of counsel in that counsel failed to file a notice of appeal for him*

 Petitioner's only contention of ineffective assistance of counsel is that his employed trial counsel failed to file a notice of appeal for him after the conviction. In this regard, the transcript of the Rule 27.26 hearing shows no evidence that petitioner ever requested that counsel file a notice of appeal for him. The only evidence respecting post-trial discussions between petitioner and his counsel respecting appeal is a letter dated October 22, 1968, from petitioner's attorney to petitioner advising him to direct his attention "to my letter

to you of June 18, 1968," and further stating:

"I want to make it abundantly clear that it is my firm conviction that it is to your benefit to leave matters where they are. As you have been repeatedly previously informed the prosecuting attorney of Wright County has at least three more charges which he can file against you which upon conviction could carry several more years of penitentiary time for you. However, let me remind you again that the prosecuting attorney has made it clear that he would not file these charges if an appeal of your present conviction was not prosecuted. Therefore, I think it is safe for you to assume that if you continue in the prosecution of an appeal of your present conviction that the prosecuting attorney of Wright County is going to file other charges against you."

The letter is dated long after the time for filing a notice of appeal in a Missouri criminal case (absent a special order of the Missouri Supreme Court permitting an appeal out of time) and does not constitute a refusal to file a notice of appeal or a motion to the Supreme Court of Missouri for a special order permitting appeal out of time. There is no evidence that petitioner at any time requested that counsel file a notice of appeal. At the conclusion of the Rule 27.26 hearing, the state trial court accordingly found that petitioner was not denied his right of appeal and that he was not ineffectively assisted by counsel. The Missouri Supreme Court similarly found as follows:

"Defendant was given full opportunity to testify at the evidentiary hearing, and *at no time* did he testify that he requested that his employed counsel file a notice of appeal. The letter, supra, shows that counsel for defendant advised against an appeal."

The Missouri courts have thus reliably found the facts and properly applied current federal standards in respect to this contention. Petitioner relies on the

case of Williams v. United States (C.A. 8) 402 F.2d 548. In that case, the Court held that:

> "The failure of counsel to take the simple steps required to file a notice of appeal *when instructed by his client to do so* would, as stated by the District of Columbia Circuit in Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732, constitutes (sic) 'such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255.'" 402 F.2d at 552. (Emphasis added.)

As the state courts correctly found, however, there is no evidence in this case that petitioner made any request or instruction that the notice of appeal be filed. See also Blanchard v. Brewer (C.A.8) 429 F.2d 89, quoting from Shipman v. Gladden, Or., 453 P.2d 921, 925:

> " 'The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process.' "

Further, petitioner has produced no evidence to show that counsel failed to advise petitioner of his right to appeal. Andry v. Henderson (C.A.5) 429 F.2d 26; Turner v. North Carolina (C.A.4) 412 F.2d 486. Petitioner's contention of ineffective assistance of counsel in this regard is without merit.

*Petitioner's contention that he was denied a mental examination when substantial evidence of his incompetency existed*

In support of this contention, petitioner relies on his factual allegations in the transcript (1) that he showed the Court that he had once been admitted to a Colorado mental hospital "for observation"; (2) that he had suffered from epilepsy; and (3) that he had been denied medication in the county jail while awaiting trial. The transcript of the Rule 27.26 hearing in this regard shows that the petitioner testified that the Colorado mental hospital hadn't as yet seen fit to give him any psychiatric treatment or evaluation; that he had had no psychiatric analysis or treatment since he had been there (Tr. 48); that he had "several seizures" while in the county jail ("three or four") (Tr. 45); and that the Sheriff provided him with medication on at least two occasions and "prior to this trial he gave me amitol, acquinol but phenobarbitol they didn't have . . . I did receive the third medication when my attorney asked the judge if he would get me some when I was upset and the Sheriff did so." (Tr. 46) The record further shows that on May 7, 1968, petitioner filed an application for psychiatric examination in the state trial court, and that petitioner testified that in the hearing on the application held on "the 20th day of May" (sic) in which petitioner brought the information about his commitment for observation to the mental hospital to the trial court's attention. (Tr. 32) After the Rule 27.26 hearing, the state trial court found that:

> ". . . the defendant was not improperly denied a right for a sanity hearing by reason of the absence of any cogent evidence of his lack of mental capacity to participate in his trial; and further finds that defendant was sane and competent to assist in his defense."

The Missouri Supreme Court concludes as follows:

> "Defendant relies upon Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The following language from State v. Brizendine, Mo.Sup., 433 S.W.2d 321, 335, is appropriate here:
>
> > 'Examination of the court's opinion in Pate v. Robinson, supra, shows the significance of the absence, in this case, of substantial support for the claim of incompetency to stand trial. In Pate, there was evidence on a broad scale relating to the defendant's mental capacity. The defendant had had a long history, adduced at the trial, of behavior evidencing mental illness. The Su-

preme Court held that, in such circumstances, the trial court had the duty to consider and pass upon the competency of the defendant to stand trial, regardless of the absence of request by counsel for either the state or the petitioner.'"

Aside from the merits of State v. Brizendine, Mo., 433 S.W.2d 321, this Court concludes that the principles of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, have been correctly applied in the case at bar by the courts of the State of Missouri. That case has been almost uniformly interpreted to hold that:

> "If there was enough evidence before the trial court to create a bona fide doubt as to petitioner's ability to plead guilty or stand trial, it would have been a denial of due process for the court not to convene a sanity jury *sua sponte*." United States ex rel. Heirens v. Pate (C.A. 7) 405 F.2d 449, 450.

The evidence in the case at bar could hardly be viewed as creating a bona fide doubt respecting petitioner's competency to stand trial. There is no substantial evidence of any mental or physical impairment which might adversely affect petitioner's ability to understand the proceedings against him and to assist in his defense at the trial. Nothing indicated to the Court that petitioner did not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and * * * a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. See and compare Crail v. United States (C.A. 10) 430 F.2d 459, 461, holding that evidence of a concussion

> "does not necessarily result in an impairment of mental competency. Thus, while that fact must be considered, the issue is whether appellant, despite such

concussion, had the capacities inherent in the Dusky test";

and Conner v. Wingo (C.A. 6) 429 F.2d 630, holding that a hearing under Pate v. Robinson, *supra,* was not necessary when the only evidence that supported a bona fide doubt respecting competency was that the defendant had been in a mental hospital in 1962 and had threatened suicide on several occasions. The case at bar is a much stronger case for denying the competency hearing than was Conner v. Wingo, *supra.* This ground for invalidation of petitioner's state conviction must therefore be denied.

For the foregoing reasons, all of petitioner's contentions for invalidating his state conviction which have been properly raised in this Court [1] are without merit and his petition herein for federal habeas corpus must accordingly be denied.

It is therefore

Adjudged that the petition herein for habeas corpus be, and it is hereby, denied.

---

1. Petitioner's contentions of being frisked in the presence of a jury are raised in this Court only by indirection, the petitioner stating only that he would have raised them on direct appeal if he had been granted a direct appeal. They were not made, in the petition at bar, contentions cognizable in this Court.