LEONARD ELGY CLEM AND ERNEST ODELL GILBERT
v. STATE OF ARKANSAS

CR 73-2                                         495 S.W. 2d 517

Opinion delivered May 28, 1973
[Rehearing denied July 2, 1973.]

*Harold L. Hall,* Public Defender, by: *Garner L. Taylor Jr.,* Deputy Public Defender, for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

J. FRED JONES, Justice. Leonard Elgy Clem and Ernest Odell Gilbert were convicted of burglary of a Minute Man Restaurant in Little Rock and upon proof of at least three prior convictions they were sentenced to the state penitentiary for a period of 31 years.

On appeal to this court the appellants have designated three points for reversal. Under points one and three they contend that when evidence of prior convictions is used in connection with applying the Habitual Criminal Act, Ark. Stat. Ann. § 43-2328 (Repl. 1964), a prior judicial determination as to whether the defendant was represented by counsel at the prior convictions is essential, and that this requirement is not merely retrospective in application. We do not disagree with the appellants in this connection but under appellants' second point they also contend that when the state seeks to introduce a certified record of a previous conviction for the purpose of applying the Habitual Criminal Act, the record must clearly indicate on its face the *identity* of the counsel representing the defendant. We do not agree with this contention.

About 1:30 A.M. Clem and Gilbert were apprehended crawling across the floor inside the Minute Man Restaurant which had been closed about midnight. They had crowbars and other burglary tools in their possession; the door of the restaurant had been pried open; the head had been lifted from a floor safe and one of the appellants had a .22 revolver in his hip pocket. They do not question the sufficiency of the evidence to sustain the burglary conviction. They were represented at their jury trial by

court-appointed counsel and on this appeal they are represented by the Public Defender.

The certified copies of prior convictions complained of by Clem recited that he waived the assistance of counsel and entered his plea of guilty to a violation of the Dyer Act in the United States District Court at El Paso, Texas, on October 4, 1957; that on March 31, 1961, in *Criminal District Court No. 2 of Dallas County*, Texas, he entered a plea of guilty to the charge of burglary and was sentenced to not less than two nor more than three years in the penitentiary. The record recites that he appeared in person, "his counsel also being present and both parties announced ready for trial."

The record recites that on November 16, 1964, Clem was sentenced to five years upon a plea of guilty to burglary in the Twelfth Judicial District Court of Gregg County, Texas, and the record in that case recites that he "appeared in person, his counsel also being present, and both parties announced ready for trial. . ." The record from the United States District Court for the Eastern District of Texas recites that on January 13, 1965, Clem waived the right to the assistance of counsel and entered a plea of guilty to entering the Lone Star National Bank at Lone Star, Texas, with the intent to commit larceny and was sentenced to seven years imprisonment.

The certified records as to Gilbert recite that he was convicted of robbery on a plea of guilty in Marion County, Texas, on June 22, 1953. The typewritten record in that case also recites that he "appeared in person and his counsel also being present both parties announced ready for trial." A jury fixed the term of his punishment at five years in the penitentiary. Under date of January 30, 1956, the record shows that Gilbert was sentenced to two years in the penitentiary from the Criminal District Court No. 2 of Dallas County, Texas, on a plea of guilty to the charge of theft of personal property and the record of this conviction recites that Gilbert "appeared in person, his counsel also being present and both parties announced ready for trial."

Under date of June 15, 1961, Gilbert was convicted by a jury verdict in the Criminal District Court No. 2 of Dallas County, Texas, on the charge of burglary and was sentenced to four years in the penitentiary. The record in this case also shows that Gilbert "appeared in person, his counsel also being present and both parties announced ready for trial." Under date of November 6, 1964, Gilbert was sentenced to five years for burglary on a plea of guilty in the Twelfth Judicial Court of Gregg County, Texas. The record in this case also shows he "appeared in person, his counsel also being present and both parties announced ready for trial." Under date of November 23, 1964, Gilbert entered a plea of guilty in the Criminal Court No. 2 of Dallas County, Texas, to the charge of burglary and was sentenced to not less than two nor more than five years in the state penitentiary, and the record in this case also shows that he "appeared in person, his counsel also being present and both parties announced ready for trial."

The appellants rely heavily on our recent decision in the case of *Wilburn* v. *State,* 253 Ark. 608, 487 S.W. 2d 600, but they read more from the *Wilburn* case than we wrote into it or intended. In *Wilburn,* when he entered his plea of guilty, the docket entry simply recited:

"... [C]omes the State of Arkansas by its Prosecuting Attorney and the defendant in person and being informed of the nature of the charge in the information and penalty of conviction hereof for plea herein says he is guilty of burglary and robbery."

In that case we said:

"It will be noted that nowhere in this docket entry of judgment is it recited that Wilburn was represented by counsel or that he had waived counsel, but on the contrary the record *indicates* that no defense counsel was present. The docket entry does indicate that the court officials were present; that the state appeared by its prosecuting attorney and the defendant appeared in person. Wilburn's objections to the introduction of this evidence appears as follows:

'We object to this on the grounds that there is nothing in here reflecting that the defendant, on this date, was represented by counsel, or had waived counsel. The record affirmatively states the presence of several individuals but it is completely silent as to any attorney whatsoever other than the Prosecuting Attorney. . .' "

The appellants argue that the reference made to the presence of counsel in the certified copies of prior convictions was in printed form. Even so, we cannot assume that the Texas courts would use printed forms stating that counsel was present when in fact none was present. We can reasonably assume that the appellants knew whether they were or were not represented by counsel when they were convicted in Texas, but in any event, there was no objection to the introduction of the evidence pertaining to the prior convictions at the time the appellants were tried in the case at bar.

The judgment is affirmed.