**Leonard Elgy CLEM and Ernest Odell Gilbert, Appellants,**

v.

**A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Correction, Appellee.**

**No. 75–1610.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 30, 1975.

Decided Dec. 8, 1975.

Michael O. Parker, Davidson, Plastiras & Horne, Ltd., Little Rock, Ark., for appellants.

Jim Guy Tucker, Atty. Gen., and Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Appellants were convicted of burglary in Pulaski County, Arkansas Circuit Court. After their convictions were announced, evidence was presented to show that Clem and Gilbert had each committed at least three prior felonies. No objection was made to the introduction of this evidence. Pursuant to the Arkansas

---

Habitual Offender Act, *Ark.Stat.Ann.* § 43–2328 (Supp.1973), each man was given a 31 year prison sentence. These convictions were affirmed by the Arkansas Supreme Court in *Clem & Gilbert v. State,* 254 Ark. 580, 495 S.W.2d 517 (1973).[1]

This habeas corpus action under 28 U.S.C. § 2254 was subsequently brought in the district court.[2] The petition alleged three grounds for relief: ˙(1) that the prior felony convictions from Texas used to enhance appellants' sentences were uncounseled; (2) that two federal convictions had been improperly considered in that the record as to each did not identify appellant Clem; and, (3) that a Dyer Act conviction, which was not a punishable offense in Arkansas, was improperly used against Clem for enhancement purposes in violation of the Habitual Offender Act. The parties agreed to submit the case to the district court on the basis of the state court record and the evidence in the court file.

The district court in an unpublished memorandum opinion dismissed contentions (2) and (3) of the petition for failure to exhaust state remedies. With regard to (1) the court considered the allegation on the merits and concluded that the appellants were not entitled to relief on that basis. The instant appeal is taken solely from the district court's denial of relief on the basis of the allegedly uncounseled guilty pleas. We affirm.

Appellants' contentions that their respective Texas guilty pleas were uncounseled are unsupported except by statements to that effect in each man's affidavit. In addition we note that no attempt has been made to attack these guilty pleas in the Texas courts where they were entered. *See Johnson v. Wyrick,* 508 F.2d 123 (8th Cir. 1974); *Young v. United States,* 485 F.2d 292, 294–95 (8th Cir. 1973).

The district court, after an independent review of all the evidence, concluded that the Arkansas Supreme Court correctly stated the facts of this case in *Clem & Gilbert v. State,* 254 Ark. 580, 495 S.W.2d 517, 520–21 (Ark.1973). In substance the factual record before the court indicates that each time appellants entered guilty pleas to the Texas felony charges challenged herein a printed form was used to record that conviction. That form recited that the respective defendant appeared in person and with his counsel. Further, the record in each instance included a notation that both parties announced to the court their readiness to proceed with trial.

The district court determined that the bare statements by the appellants in the instant case that they were not afforded counsel at the time they entered guilty pleas in the Texas state courts were insufficient to rebut the statement in the state records and in the Arkansas Supreme Court's opinion that in each instance appellants were represented by counsel. *See* 28 U.S.C. § 2254(d). *See also Meller v. State,* 431 F.2d 120, 122 (8th Cir. 1970), *aff'g,* 309 F.Supp. 519, 522 (W.D.Mo.1969); *In re Parker,* 423 F.2d 1021 (8th Cir.), *cert. denied,* 398 U.S. 966, 90 S.Ct. 2182, 26 L.Ed.2d 551 (1970); *Lansdown v. Swenson,* 335 F.Supp. 651, 655 (W.D.Mo.1971).

We are not persuaded that the district court's findings are clearly erroneous. *Leasure v. Lockhart,* 509 F.2d 23, 25 & n. 3 (8th Cir. 1975).

Affirmed.

1. There is some confusion about the number of prior convictions for each appellant. The trial transcript indicates that Clem had five prior convictions and Gilbert six. The Arkansas Supreme Court decision and appellee's brief show four prior convictions for Clem and five for Gilbert.

Even if the higher figures are correct, however, invalidating the convictions challenged here would reduce the number of valid convictions for each below three, making enhancement of the maximum sentence under the Arkansas Habitual Offender Act improper.

2. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska, sitting by designation in the Eastern District of Arkansas.